# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA KROHN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00363-MTS |
| | ) | |
| STEVEN A. SCHULTHEIS, | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court notes that Defendant's Notice of Removal, Doc. [1], has failed to establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Defendant was required to establish the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). Defendant provided no allegations establishing the indispensable requirement of the parties' diversity of citizenship at the time of this action's filing in state court.

Even *if* the Court may look beyond Defendant's Notice of Removal, despite the fact that he has the burden of establishing jurisdiction, and look to Plaintiff's Petition, the Petition here does not contain allegations that support this federal Court's jurisdiction since he makes allegations only that the parties were *residents* of Missouri and Illinois at the time of filing. *See*

*Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction.  This rule is not new." (internal citation omitted)).

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amendment by Interlineation to its Notice of Removal to address the jurisdictional defect the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal). Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS HEREBY ORDERED** that Defendant shall file an Amendment by Interlineation to its Notice of Removal no later than **April 13, 2023**.

Dated this 6th day of April 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE